# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3087

_____

Heidelberg Print Finance Americas,       *
Inc.,       *
      *
          Appellant,       *   Appeal from the United States
      *   District Court for the
      v.       *   Western District of Missouri.
      *
Master Services, Inc.,       *   [UNPUBLISHED]
      *
          Appellee.       *

_____

Submitted: October 28, 2005
Filed: March 28, 2006

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this Chapter 11 voluntary bankruptcy case, Heidelberg Print Finance Americas, Inc. (Heidelberg), appeals from an order of the district court[1] affirming a decision of the bankruptcy court[2] confirming the reorganization plan filed by Master Services, Inc. (debtor). For reversal, Heidelberg argues that the bankruptcy court

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[2]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

failed to ensure that the requirements for confirmation had been met prior to confirming debtor's reorganization plan, and that the confirmation was improper. See 11 U.S.C. § 1129(a) (bankruptcy court shall confirm plan only if statutory requirements are met). For the reasons stated below, we affirm.

Following debtor's filing of its reorganization plan in the bankruptcy court, a hearing was scheduled for January 2004, and all creditors and parties in interest were allowed an opportunity to submit objections and to vote on the plan. Heidelberg timely objected to confirmation of the plan.

A ballot report filed by debtor in January 2004 showed that no class of claims had sufficiently voted to accept the plan. The hearing was continued to March 2004, at which time debtor presented a revised ballot report showing that the class of unsecured creditors now had sufficient votes in favor of the plan to carry the class. No one, including Heidelberg, objected to the revised ballot report, and it was accepted by the bankruptcy court. The bankruptcy court then overruled Heidelberg's objection to confirmation of the plan, indicating on the record that the applicable legal requirements had been met because the class of unsecured creditors had sufficiently voted in favor of the plan. The bankruptcy court filed an order summarily confirming the plan.

Heidelberg appealed to the district court. The district court held that Heidelberg was barred from challenging the revised ballot report, having failed to object to it at the March hearing. The district court then affirmed the bankruptcy court's confirmation of the reorganization plan.

In this timely appeal, we review the bankruptcy court's factual findings for clear error, and its legal conclusions de novo. See Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987). We agree with the district court that Heidelberg waived its right to challenge the revised ballot report by failing to object to the report at the

March 2004 hearing. Cf. In re Varat Enters., Inc., 81 F.3d 1310, 1317 (4th Cir. 1996) (party in interest's failure to object to claim made on debtor's assets prior to confirmation of reorganization plan may operate as waiver barring same party from asserting objection later). The revised ballot report established that an impaired class, the unsecured creditors, had voted to accept the plan. Under section 1129(a), confirmation of a plan is permissible if at least one impaired class has accepted the plan, without insider voting or artificial creation of the impaired class accepting the plan. See In re Windsor on the River Assocs., 7 F.3d 127, 130-32 (8th Cir. 1993) (§ 1129(a)(10) permits plan confirmation where at least one impaired class has voted to accept plan, provided impaired class accepting plan was not artificially manufactured by debtor); In re Lumber Exch. Bldg. Ltd. P'ship, 968 F.2d 647, 648-50 (8th Cir. 1992) (same); see also 11 U.S.C. § 1129(a)(10) (if any class of claims is impaired under plan, at least one impaired class must accept plan, without including any acceptance by any insider).

The bankruptcy court made findings to address each of subsections 1129(a)(1) through (a)(13), except for (a)(8). (Bankr. Hr'g Tr. at 18-22.) For purposes of subsection 1129(a)(10), the court specifically found that the plan had been accepted by at least one class of claims, the unsecured creditors. (Id. at 19, 22). Upon review, we hold that the bankruptcy court did not clearly err in its factual findings, and we further hold that its findings satisfied the requirements for plan confirmation. See 11 U.S.C. § 1129(b)(1) (if all applicable requirements of § 1129(a) are met, except those in § 1129(a)(8) (requiring that each class either accept the plan or not be impaired), court shall confirm plan on request of proponent if plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under plan and has not accepted it). Accordingly, we affirm.

_____